IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**CONCETTA MANKER, Ph.D.,**

        **Plaintiff,**

v.                                                                        Civil Action No. 3:25cv512

**CITY OF HOPEWELL, et al.,**

        **Defendants.**

## JOINT MOTION FOR CONTINUANCE OF TRIAL DATE AND EXTENSION OF DISCOVERY DEADLINES

**NOW COMES** Defendant Vice Mayor Rita Joyner ("Joyner"), by counsel, jointly with Plaintiff Concetta Manker, Ph.D. ("Manker"), by counsel, and Defendants City of Hopewell, Mayor Johnny Partin, Ronnie Ellis, and Susan L. Daye, ("City Defendants") by counsel, and submits this Joint Motion for Continuance of Trial Date and Extension of Discovery Deadlines, and states as follows:

**I.**    **Introduction and Brief Status Overview of Case**

This case arises from the Hopewell City Council's decision to remove Plaintiff, Dr. Concetta Manker, Ph.D., from her position as City Manager following the 2024 municipal elections. The parties have been working diligently in pursuing discovery in this matter, all having issued interrogatories and requests for production of documents. Due to the nature of the case and all parties being public officials, including allegations and defenses centered on the manner in which Plaintiff performed in the role of City Manager, discovery is extensive and there are many potential witnesses to be deposed.

Compounding the scheduling issues are certain unforeseen personal matters that have arisen for Plaintiff's counsel that have had an understandably significant impact on his ability to meet the demands of his practice on the very tight deadlines imposed under the Rule 16(b) Initial Scheduling

Order (ECF Doc. 35). Additionally, the Defendants previously filed motions to dismiss pursuant to Rule 12(b)(6) which were fully briefed and then argued before this Court on October 20, 2025. This Court indicated which way it was *likely* to rule on the motions but, as of the date of this filing, has not issued its formal opinion. As such, the parties are somewhat unclear as to which claim(s) will ultimately proceed past the motions to dismiss.

All Defendants intend to file motions for summary judgment which will raise the defense of qualified immunity for the individual defendants[1] because Manker's claims relate to the Defendants' actions taken in their role as elected public officials. This qualified immunity defense makes a continuance of the May 4-7, 2026, trial date inevitable. All parties intend to appeal an adverse ruling on their respective motions for summary judgment for which it is well established that such an interlocutory appeal is a matter of right on issues of qualified immunity.

## II.     Legal Standard

Local Rule 7(G) states that "Motions for continuances of a trial or hearing date shall not be granted by the mere agreement of counsel. No continuance will be granted other than for good cause and upon such terms as the Court may impose." While the Court has broad discretion generally on whether or not to grant a request for continuance of a trial date, "'qualified immunity' is an immunity from suit rather than a mere defense to liability; and … it is effectively lost if a case is erroneously permitted to go to trial." United States ex rel. Citynet, LLC v. Gianato, 962 F.3d 154 (4th Cir. 2020) (citing Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). "[C]ourts must therefore "scrutinize and dismiss appropriate cases on qualified

---

[1] Since qualified immunity only applies to the *individual* defendants, the City of Hopewell will not be raising the defense of qualified immunity. However, no party intends to request bifurcation of the case for trial pending interlocutory appeal for any adverse ruling against the individual defendants.

immunity grounds early in the litigation." Erreguin v. Accomack Cty., 2009 U.S. Dist. LEXIS 144788 (E.D.Va. 2009) (quoting Sigman v. Town of Chapel Hill, 161 F.3d., 782, 786 (4th Cir. 1998)).

**III.    Argument**

*A. Qualified Immunity must be decided prior to trial; denial of qualified immunity is an immediately appealable interlocutory order.*

It is well-established that "qualified immunity 'is an immunity from suit rather than a mere defense to liability.'" Gianato, supra. As the U.S. Supreme Court has recognized, qualified immunity is an "entitlement not to stand trial or face the other burdens of litigation, [and] conditions on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law. The entitlement is an immunity from suit rather than a mere defense to liability; like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). While "denials of motions for summary judgment are ordinarily interlocutory orders not subject to appellate review," an exception arises in cases involving qualified immunity. Hicks v. Ferreyra, 965 F.3d 302, 308 (4th Cir. 2020). Denials of qualified immunity "may be appealed immediately under the collateral order doctrine." Livingston v. Kehagias, 803 Fed. Appx. 673, 677 (4th Cir. 2020) (citing Williams v. Strickland, 917 F.3d 763, 767 (4th Cir. 2019)). "[A] district court's refusal to rule on the immunity question nullifies the benefits of the defenses and may thus be treated as an immediately appealable denial of immunity." Gianato, 962 F.3d at 158 (citing Nero v. Mosby, 890 F.3d 106, 125 (4th Cir. 2018)); Jenkins v. Medford, 119 F.3d 1156, 1159 (4th Cir. 1997).

All parties to this matter recognize there will be extensive briefing before this Court on the pending motions for summary judgment. Under well-established case law, the legal question of whether or not the Defendants are entitled to qualified immunity must be decided prior to trial.

Recognizing this precedent and in the interest of the parties and of the Court, Plaintiff and Defendants jointly move for a continuance of the trial date to afford the Court the necessary time to render its decision on the motions for summary judgment, and further move to stay pre-trial deadlines and extend discovery deadlines as set forth below in Part IV.

> B. *Whichever way the Court rules on the question of qualified immunity, there will be an immediate interlocutory appeal to the U.S. Court of Appeals for the Fourth Circuit.*

All parties jointly affirm their respective intentions to appeal an adverse ruling on the issue of qualified immunity to the Fourth Circuit Court of Appeals. If this Court rules that Defendants are entitled to qualified immunity on all counts, that would conclude this case and Plaintiff would be entitled to appeal the final judgment. If qualified immunity is denied to the Defendants, the Defendants will exercise their right to immediately file an interlocutory appeal. And if this Court grants qualified immunity as to some counts and denies as to other counts, then all parties will file interlocutory appeals on the respective adverse rulings. As such, the currently scheduled trial will need to be stayed pending the outcome of the appeal. The parties further represent that there is no possibility of a settlement prior to this Court's ruling on the motions for summary judgment.

IV. **Mutually Agreeable Dates (if granted)**

Given the uncertainty of the Fourth Circuit Court of Appeals' timeline for rendering a decision on an appeal, the parties ask the Court to continue the trial date, stay pretrial deadlines set forth in Paragraphs 4-15 of the Rule 16(b) Initial Scheduling Order (ECF No. 35) pending the aforementioned anticipated appeal (or alternatively, extend such pretrial deadlines in accordance with the new trial date). In furtherance of the parties' respective intentions to file motions for summary judgment, the parties respectfully move this Court for entry of a modified Scheduling Order governing discovery and deadlines for filing motions for summary judgment.

In light of the foregoing continuance (if granted), Plaintiff and Defendants request an extension of the deadline for the completion of discovery set forth in Paragraph 3 of the Rule 16(b) Scheduling Order to **March 31, 2026**. The parties further request that a deadline for motions for summary judgment be set by this Court for **April 27, 2026**, with any responses due on **May 11, 2026**, and any replies due on **May 18, 2026**.

Counsel for Plaintiff and Defendants represent that the above dates are calculated to allow for full development of their respective cases and intended to maximize judicial economy and minimize the imposition upon the Court in light of the qualified immunity defense and right to an interlocutory appeal and further represent their shared belief that this proposed modification of the Scheduling Order will provide sufficient time for this Court to rule on the motions for summary judgment and for interlocutory appeal(s) to be taken to the Fourth Circuit without needing to further reschedule the trial.

## V.    CONCLUSION

For the foregoing reasons, the Plaintiff and Defendants jointly move this Court for a continuance of the May 4, 2026, trial date, with corresponding revisions to this Court's Scheduling Order.

Respectfully submitted this 10th day of February, 2026.

**VICE MAYOR RITA JOYNER**

By: ____/s/ *Anne C. Lahren*_____

Richard H. Matthews, Esq. (VSB No. 16318)
Anne C. Lahren, Esq. (VSB No. 73125)
Jeffrey D. Wilson, Esq. (VSB No. 75734)
PENDER & COWARD, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Tel/Fax: (757) 490-6256 (RHM)
Tel/Fax: (757) 490-6293 (ACL)

Tel/Fax: (757) 502-7341 (JDW)
rmatthews@pendercoward.com
alahren@pendercoward.com
jwilson@pendercoward.com
*Counsel for Defendant Vice Mayor Rita Joyner*

**JOINING IN THIS MOTION:**

| | |
|---|---|
| */s/ Richard F. Hawkins, III* | */s/ Melissa Y. York* |
| Richard F. Hawkins, III, Esq. (VSB No. 40666) | Melissa Y. York (VSB No. 77493) |
| The Hawkins Law Firm, PC | Patrick Kelly |
| 2222 Monument Avenue | HARMAN, CLAYTOR, CORRIGAN & WELLMAN |
| Richmond, Virginia 23220 | P.O. Box 70280 |
| Telephone: (804) 308-3040 | Richmond, Virginia 23255 |
| Facsimile: (804) 308-3132 | Phone: (804) 747-5200 |
| rhawkins@thehawkinslawfirm.net | Fax: (804) 747-6085 |
| *Counsel for Plaintiff Concetta Manker, Ph.D.* | myork@hccw.com |
| | pkelly@hccw.com |
| | *Counsel for City of Hopewell, Mayor Johnny Partin, Ronnie Ellis, and Susan L. Daye* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 10th day of February, 2026, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then notify the following of such electronic filing (NEF):

Richard F. Hawkins, III, Esq.
The Hawkins Law Firm, PC
2222 Monument Avenue
Richmond, Virginia 23220
Telephone: (804) 308-3040
Facsimile: (804) 308-3132
rhawkins@thehawkinslawfirm.net
*Counsel for Plaintiff Concetta Manker, Ph.D.*

Melissa Y. York, Esq. (VSB No. 77493)
Patrick Kelly, Esq.
HARMAN, CLAYTOR, CORRIGAN & WELLMAN
P.O. Box 70280
Richmond, Virginia 23255
Phone: (804) 747-5200
Fax: (804) 747-6085

myork@hccw.com
pkelly@hccw.com
*Counsel for City of Hopewell, Mayor Johnny Partin, Ronnie Ellis, and Susan L. Daye*

           /s/ *Anne C. Lahren*
          Anne C. Lahren, Esq.
          Virginia State Bar No. 73125
          PENDER & COWARD, P.C.
          222 Central Park Avenue, Suite 400
          Virginia Beach, VA 23462
          Tel/Fax: (757) 490-6293
          E-Mail: alahren@pendercoward.com
          *Counsel for Defendant Vice Mayor Rita Joyner*